[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Several motions for summary judgment have been filed in this case. The court will give a brief factual background to this case.
On August 1, 1997, the plaintiff placed a sign or mural on her property protesting a deer hunt that was about to occur near the area where she resided; it was 20 square feet in size. The defendant, Zoning Officer, issued a cease and desist order because the size of the sign violated Ordinance 3.20 of the Groton Long Point Zoning Regulations. The plaintiff appealed the order to the Zoning Board of Appeals, and the Board denied the appeal. On November 13, 1997, the plaintiff brought suit in this court against the Board from the denial of her appeal. The zoning appeal was dismissed on March 19, 1999. On December 18, 1997, the plaintiff brought the present action against the defendant under 42 U.S.C. § 1983
claiming a violation of her First Amendment rights and claiming, in effect, a violation of her right to equal protection in that the zoning officer selectively enforced § 3.20 of the local ordinance. A motion for summary judgment was filed by the defendant and another trial judge granted it as to all counts. This was appealed and the Appellate Court affirmed the trial court's ruling on all matters except the selective prosecution claim which it remanded to the trial court.
The court will now try to address the new issues raised by the defendant in his current motion.
 (1)
Under § 1983, a plaintiff can bring suit for violation of his or her constitutional rights. Federal constitutional rights that are brought under § 1983 fall into two distinct and separate categories — denial of equal protection and denial of substantive or procedural due process.
When a substantive due process claim is made under § 1983, the CT Page 15641 Supreme Court has said:
 "Protection against governmental arbitrariness is the core of due process . . . including substantive due process . . . but only the most egregious executive action can be said to be "arbitrary' in the constitutional sense . . . the cognizable level of executive abuse of power is that which shocks conscience," County of Sacramento v. Lewis, 523 U.S. 833, 834 (1998). The court has adopted this strict standard stating that "as a general matter, the court has always been reluctant to expand the concept of substantive due process because guide posts for reasonable decision making in this unchartered area are scarce and open ended." Collins v. Harker Heights, 503 U.S. 115, 126 (1992). The primary reason for this "reluctance" would appear to be a dear of creating a body of federal substantive due process tort law which could rely on § 1983 to supplant state tort remedies.
But a substantive due process claim is not an equal protection claim and a plaintiff has a right to bring an equal protection claim under § 1983 based on a selective enforcement theory. Haman v. City ofReading, 963 F. Sup. 485, 489 (E.D. Pa., 1997), cf Zahra v. Town ofSouthhold, 48 F.3d 674, 682 (CA 2, 1995). No case has been brought to the court's attention and the court is aware of none that holds an equal protection claim must be of such a nature that the governmental action involved shocks the conscience.
The types of interest being affected by alleged governmental equal protection violations may affect the level of scrutiny given to those government actions. See 16B Am.Jur.2d § 812 p. 344, but this does not invite a shock the conscience analysis as to whether an equal protection claim can be made in the first instance.[1] Why should there be such a shock the conscience limitation? The test is whether different people or classes of people are treated differently by the government for no justifiable reason. Determining that question will not require state or federal courts to apply § 1983 in unchartered areas with no set criteria to make a determination of whether the constitutional right was violated the spectre raised in substantive due process cases. An equal protection argument focuses on a specific area of government activity in a sphere where the government has chosen to act, uniformity of treatment is confined to an analysis of the case at hand, and justification for disparate treatment is defined by the reasoning the government entity CT Page 15642 gives for its own action.
The defendant advances its new summary judgment motion on its characterization of the plaintiffs claim as a substantive due process claim. The plaintiff does not now and cannot make such a claim. The Appellate Court returned the case to the trial court on the supposition that an equal protection argument (selective prosecution) was being advanced and this court gave the complaint that same analysis in its prior decision on the earlier summary judgment motion.
The defendant argues that this suit is barred by Monell v. N.Y. cityDept. of Social Services, 430 U.S. 658 (1978). He concedes that he is sued in his official capacity as a zoning official but "the Association is not named as a defendant." But Monell has no application to this case; that case involved a suit against a government entity not an individual who acted for the government. The court explicitly held: "We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, its when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id., p. 694. Monell was not discussing possible liability under § 1983 of individual officials of a government entity. The controlling case would appear to be Wood v.Strickland, 420 U.S. 308 (1975) which involved a § 1983 action against a school board member. There, the court said . . . "a school board member is not immune from liability for damages under § 1983 if he(she) knew or reasonably should have known that the action he took within his(her) sphere of official responsibility would violate the constitutional rights of the student affected or if he(she) took action with the malicious intention to cause a deprivation of constitutional rights or injury to the student." Id., p. 322. The court cannot accept the argument that Monell standards apply to § 1983 suits against individual officials carried to its logical conclusion it would render § 1983 and other civil rights laws, in large measure, inoperable.
The defendant also argues that he has qualified immunity for discretionary acts pursuant to common law and § 52-577n of the Connecticut General Statutes. That statute in subsection (b) (7) states in relevant part that a municipal employee shall not be liable to any person for the "issuance" of an "order" . . . when such authority is a discretionary function by law unless (it) constitutes a reckless disregard for health or safety under all the relevant circumstances." As the defendant notes, there are several exceptions from the immunity given municipal employees even if the action was discretionary, one of these CT Page 15643 may be found where there is an "intent to injure, rather than negligence." See Evon v. Andrews, 211 Conn. 501, 505 (1989).
Here, a reading of the complaint and the affidavit of Mrs. Kroll indicate that the claim is not that the treatment she received was due to negligence on the part of the defendant but based on a conscience intent to treat her differently than others similarly situated to her in regards to the placing of signs on their property.
A prima facie case is established by the affidavit.
 (4)
The defendant finally argues that he has governmental immunity because his actions "were objectively reasonable . . . and did not violate any clearly established constitutional right" of the plaintiff.
The basis of the defendant's argument is set forth on page 14 of his brief:
"Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority. Natale v. Town of Ridgefield, 170 F.3d 258, 264 (2nd Cir. 1999).
In fact, counsel also cites that brief opinion by this writer for this position. See Kelo, et al v. City of New London, Docket No. 557299 (2002).
But one is forced to return to the same problem with this argument that was previously mentioned the basis of the claim now before the court is not that the defendant's actions violated a clear right under federal law as such and considered in the abstract without a claimed relationship to the rights of others. The "right" the plaintiff claims was violated in her case was her right to equal protection, to be free from selective enforcement of a law applied only to her and not to others similarly situated.
The motion for summary judgment is denied.
 ___________________ Corradino, J.